**James M. THOMAS, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 84–1881.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 1985 *.

Decided March 13, 1985.

James M. Thomas, plaintiff-appellant, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Gary R. Allen, Elaine F. Ferris, U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before CHOY, Senior Circuit Judge, SNEED and PREGERSON, Circuit Judges.

---

* The panel finds this case appropriate for submission without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 3(f).

CHOY, Senior Circuit Judge:

On May 17, 1983, appellant, James M. Thomas, was assessed a $500 penalty for filing a frivolous 1982 income tax return. *See* 26 U.S.C. § 6702. Thomas did not receive the notice and demand for payment of the penalty until June 28, 1983, apparently because the Internal Revenue Service (IRS) had used an incorrect zip code. However, the zip code used was that given by Thomas on his 1982 tax return.

To contest the penalty assessment, Thomas filed on July 11, 1983 a 15% partial payment of the penalty and a claim for refund as required by 26 U.S.C. § 6703(c)(1). After the IRS denied the refund, Thomas filed suit for a refund in district court. The district court dismissed the suit for lack of jurisdiction, apparently because Thomas failed to file his 15% payment and claim for refund with the IRS within 30 days of the date the IRS mailed its notice of the penalty assessment.

■ The district court's dismissal should be affirmed. Ordinarily, there is no jurisdiction in the district courts over suits for the refund of penalty amounts paid until the taxpayer has paid the *full amount* of the contested penalty assessment, *see Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), and has filed a claim for refund which the IRS has either rejected or not acted upon in six months. *See* 26 U.S.C. §§ 7422(a), 6532(a). Since Thomas has not paid the full $500 penalty amount, there is no jurisdiction under the *Flora* test.

However, 26 U.S.C. § 6703(c) provides an exception to the "full payment rule" of *Flora* in the case of the frivolous return penalty. It allows the taxpayer to pay only *15%* of the penalty assessment (and file a claim for refund) "within 30 days after the day on which notice and demand ... is made against [the taxpayer]." 26 U.S.C. § 6703(c)(1). Thomas paid the 15% amount and filed a claim for refund on July 11th, more than 30 days after the May 17th date the IRS mailed the notice, but within 30 days of June 28th, the date Thomas received the notice.

Thus, the issue in this case is whether the "day on which notice and demand ... is made against [the taxpayer]," 26 U.S.C. § 6703(c)(1), refers to the mailing date or the day the taxpayer received the notice. Notice may be "sent by mail to such person's last known address." 26 U.S.C. § 6303. "A taxpayer's last known address is that on his most recent return...." *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir.), *cert. denied*, — U.S. —, 105 S.Ct. 116, 83 L.Ed.2d 59 *reh'g denied*, — U.S. —, 105 S.Ct. 550, 83 L.Ed.2d 438 (1984). The IRS sent the notice to the address listed on Thomas' 1982 tax return and thus sent a valid notice. However, this does not resolve the question of when the 30 day period begins to run.[1]

■ We believe Congress intended that the 30 day period begin upon the mailing of the notice. While it might seem unfair to require a taxpayer to meet the 30 day time limit when he does not become aware of the penalty assessment until after the period has expired, the taxpayer is not com-

1. The government erroneously assumes that § 6303 settles this question, *see* Appellee's Brief at 10–11, when, in fact, § 6303 says nothing explicitly about when notice "is made against [the taxpayer]" for purposes of beginning the 30 day period under § 6703(c)(1).

*Zolla* and *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir.1982) (cited by *Zolla*), held that, under 26 U.S.C. §§ 6212, 6213, notices of *deficiencies* are valid and begin running the limitation period upon mailing, regardless of the date they are received, if ever.

However, these two cases do not control the case at bar because this case does not involve a notice of deficiency but rather a notice of a penalty assessment. In fact, 26 U.S.C. § 6703(b) specifically declares that the statutes governing deficiency procedures (26 U.S.C. §§ 6212, 6213) are inapplicable to the assessment and collection of frivolous return penalties.

Furthermore, the holdings in *Zolla* and *Cool Fuel* follow directly from the language of § 6213 which reads "90 days ... after the notice of deficiency ... *is mailed.*" (emphasis added). The language of § 6703(c)(1), on the otherhand, referring to the date notice "is *made* against [the taxpayer]," (emphasis added) is ambiguous.

pletely barred from challenging the assessment. He can still pay the *full amount* of the penalty and then bring suit in district court. *See Flora, supra.*

Furthermore, the delayed receipt in this case resulted from the taxpayer's own error in listing an incorrect zip code on his tax return. To make the critical date the day of receipt would unjustifiably reward the taxpayer who gives an erroneous address by effectively extending his filing deadline. The government should be able to rely upon its sending of the notice to the taxpayer's last known address.

Finally, we believe that a literal interpretation of the language "the day on which notice ... is made" is that it refers to the day notice is *mailed,* because § 6303 speaks of the mailing as the event that effectuates notice and because Congress could easily have used language specifying the date of receipt as the critical date had it so intended.

Because Thomas failed to file his 15% payment and claim for refund with the IRS within 30 days of the IRS's mailing of the notice and demand, we conclude that the district court properly dismissed his suit for lack of jurisdiction.

AFFIRMED.