865 F.2d 1329
 275 U.S.App.D.C. 230
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Charles CHISHOLM, Appellant
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE.
 No. 87-5422.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 30, 1988.
 
 Before STARR, STEPHEN F. WILLIAMS and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record and on the briefs filed by the parties on appeal from the United States District Court for the District of Columbia. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order and memorandum, filed November 3, 1987, be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for hearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 We affirm the district court's dismissal of appellant's claims for refund of taxes, declaratory and injunctive relief.
 
 
 5
 Full payment of the assessed tax and penalties is a jurisdictional prerequisite to filing a refund suit. See Flora v. United States, 357 U.S. 63, 75 (1958) (confirming principle of "pay first and litigate later"), aff'd on reh'g, 362 U.S. 145 (1960); Thomas v. United States, 755 F.2d 728, 729 (9th Cir.1985). Filing an administrative claim for refund is also a prerequisite to suit. See 26 U.S.C. Sec. 7422(a); United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 272 (1931); Thomas v. United States, 755 F.2d at 729; Polkinhorn v. United States, 432 F.2d 684, 689 (D.C.Cir.1970); see also 26 C.F.R. Sec. 301.6402-3(a)(2). Chisholm failed to make full payment of his 1981 federal income tax liability and failed to file an administrative claim for refund of his 1984 income tax. For these reasons, the district court was without subject matter jurisdiction to adjudicate his refund claims, and dismissal was therefore appropriate.
 
 
 6
 The Declaratory Judgment Act, 28 U.S.C. Sec. 2201, provides that declaratory relief is not available in controversies with respect to federal taxes. Similarly, injunctive relief is barred by the Anti-Injunction Act, 26 U.S.C. Sec. 7421(a). See Investment Annuity, Inc. v. Blumenthal, 609 F.2d 1, 5 (D.C.Cir.1979); see also Bob Jones University v. Simon, 416 U.S. 725, 736-37 (1974); Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962). As no exception to either statute is available, appellant's request for declaratory and injunctive relief are clearly precluded by these two provisions.