17 F.3d 393
 73 A.F.T.R.2d 94-1378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry CHRISTIAN, Jr., Plaintiff-Appellant,
v.
UNITED STATES of America, the Government of the United
States; the U.S. Treasury Department; the
Internal Revenue Service; State of
California Franchise Tax
Board, Defendants-Appellees.
 No. 93-55691.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 17, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry Christian, Jr. appeals pro se the district court's dismissal of his action against the Internal Revenue Service (IRS) for lack of subject matter jurisdiction and failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. The existence of subject matter jurisdiction is a question of law which we review de novo. Kruso v. International Tel. & Tel., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm.
 
 
 3
 On December 31, 1992, Christian filed a complaint in the district court against the United States, the Treasury Department, the IRS, and the State of California, Franchise Tax Board. Christian sought damages and the refund of all property collected to satisfy income taxes previously assessed against him for the years 1981, 1984, and 1986 through 1990. On April 21, 1993, the district court dismissed Christian's complaint for lack of subject matter jurisdiction and failure to state a claim.
 
 
 4
 The United States is a sovereign entity and may not be sued without its consent. Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). Before the United States or one of its agencies may be sued, Congress must specifically waive sovereign immunity. See Blackmar v. Guerre, 342 U.S. 512, 515 (1952) (when Congress authorizes one of its agencies to be sued eo nomine, it does so explicitly). Plaintiff has the burden of showing a waiver of sovereign immunity. Baker v. United States, 817 F.2d 560, 562 (1987), cert. denied, 487 U.S. 1204 (1988).
 
 I. Tax Refund
 
 5
 Section 1346(a)(1) of Title 28 provides a specific grant of jurisdiction to federal district courts over actions for the refund of any internal revenue tax allegedly erroneously or illegally assessed or collected. 28 U.S.C. Sec. 1346(a)(1). Internal Revenue Code section 7422 grants a waiver of sovereign immunity to permit jurisdiction under 28 U.S.C. Sec. 1346(a)(1). See 26 U.S.C. Sec. 7422(a). The taxpayer, however, must first pay the assessment in full and file an administrative claim for a refund which the IRS has rejected or not acted upon in six months. Thomas v. United States, 755 F.2d 728, 729 (9th Cir.1985).
 
 
 6
 Here, Christian failed to allege that he paid the assessments in full or filed a claim for a refund which was rejected by the IRS or not acted upon within six months. Thus, Christian's claim against the IRS for a refund under section 7422(a) is barred by the doctrine of sovereign immunity. See id. Accordingly, the district court properly dismissed his claim for lack of subject matter jurisdiction. See Baker, 817 F.2d at 562.
 
 II. Damages
 
 7
 A taxpayer may bring a suit for damages against the IRS pursuant to sections 7432 and 7433. Section 7432 provides that a taxpayer may bring a civil action for damages against the United States if the IRS knowingly or negligently fails to release a lien under section 6325 of the Internal Revenue Code. 26 U.S.C. Sec. 7432(a). Section 7433 provides that a taxpayer may bring a civil action for damages against the United States if the IRS recklessly or intentionally disregards any provision of the Internal Revenue Code. 26 U.S.C. Sec. 7433. To bring a claim for damages pursuant to section 7432 or section 7433, a taxpayer must first exhaust his or her administrative remedies.[1] 26 U.S.C. Secs. 7432(d)(1) and 7433(d)(1).
 
 
 8
 Here, Christian has failed to allege that he exhausted his administrative remedies pursuant to section 7432(d)(1) or section 7433(d)(1). Thus, Christian's claim for damages against the IRS are barred by the doctrine of sovereign immunity. Accordingly, the district court properly dismissed his claim for lacked subject matter jurisdiction. See Baker, 817 F.2d at 562.[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Treasury Regulation promulgated under 26 U.S.C. Sec. 7432, Treas.Reg. Sec. 301.7432-1 (1992), provides that a taxpayer must file a written claim for damages with the district director before filing a suit for damages in the district court for failure to release a tax lien. 26 C.F.R. Sec. 301.7432(e) and (f)(1)
 The Treasury Regulation promulgated under 26 U.S.C. Sec. 7433, contains a similar procedure for filing an administrative claim for damages prior to instituting an action in the district court for damages under section 7433. 26 C.F.R. Sec. 301.7433-1(d) and (e).
 
 
 [2]
 The Eleventh Amendment bars Christian's claims against the State of California for a tax refund, see Capitol Industries-EMI, Inc. v. Bennett, 681 F.2d 1107, 1120 (9th Cir.1982), and for damages, see Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 101 (1984)