24 F.3d 252
 73 A.F.T.R.2d 94-2102
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward WILLIAMS, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE COMMISSIONER, Defendant-Appellee.
 No. 91-55667.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 28, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward J. Williams appeals pro se the district court's dismissal of his action against the Commissioner of the Internal Revenue Service ("Commissioner") for lack of subject-matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. The existence of subject-matter jurisdiction is a question of law we review de novo. Kruso v. International Tel. & Tel., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm.
 
 
 3
 On February 12, 1991, Williams filed a first amended complaint in the district court against the Commissioner alleging that the Commissioner (1) wrongfully levied on his wages, (2) fraudulently concealed his tax returns, and (3) violated the statute of limitations, various Internal Revenue Code sections, and the Fourth and Fifth Amendments to the United States Constitution. Williams sought a release of the levy, a refund of all money seized, and damages. On April 29, 1991, the district court dismissed Williams's action for lack of subject-matter jurisdiction.
 
 
 4
 The United States, as a sovereign, may not be sued without its consent. United States v. Testan, 424 U.S. 392, 399 (1976). A court's jurisdiction to hear a suit against the government is defined by the terms of the government's consent. Id. Thus, any suit against the United States must be brought in compliance with the specific statute under which the government has waived its sovereign immunity. See id. A suit against the IRS or its officers or employees in their official capacity is essentially a suit against the United States and is barred by sovereign immunity absent statutory consent. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). Plaintiff has the burden of showing a waiver of sovereign immunity. Baker v. United States, 817 F.2d 560, 562 (9th Cir.1987), cert. denied, 487 U.S. 1204 (1988).
 
 
 5
 Williams contends that the district court erred in dismissing his action for lack of subject-matter jurisdiction. This contention lacks merit.
 
 
 6
 First, to the extent that Williams sought a release of the IRS's levy, the United States has not waived its sovereign immunity. Although Internal Revenue Code section 7426 provides a limited waiver of sovereign immunity allowing third parties to sue the United States when IRS collection activities interfere with their property rights, 26 U.S.C. Sec. 7426; Sessler v. United States, 7 F.3d 1449, 1451 (9th Cir.1993), this waiver is limited to suits brought by persons "other than the person against whom is assessed the tax out of which such levy arose," 26 U.S.C. Sec. 7426(a)(1). Because Williams is the person against whom the tax was assessed, he cannot maintain a wrongful levy action under section 7426. See, e.g., Shannon v. United States, 521 F.2d 56, 59 (9th Cir.1975), cert. denied, 424 U.S. 965 (1976).[1]
 
 
 7
 Second, to the extent that Williams sought a tax refund, the United States has not waived its sovereign immunity. Internal Revenue Code section 7422 grants a waiver of sovereign immunity to permit jurisdiction under 28 U.S.C. Sec. 1346 for tax refund actions. See 26 U.S.C. Sec. 7422(a); Thomas v. United States, 755 F.2d 728, 729 (9th Cir.1985). The taxpayer, however, must first pay the assessments in full and file a claim for a refund with the IRS. Id. Because Williams failed to allege that he exhausted his administrative remedies under section 7422, his refund claim is barred by the doctrine of sovereign immunity. See id.
 
 
 8
 Any claims for money damages asserted by Williams against the Commissioner in his official capacity are also barred by the doctrine of sovereign immunity. First, the United States did not waive its sovereign immunity under either Internal Revenue Code section 7432 or 7433 because Williams failed to allege that he exhausted his administrative remedies under either section. See 26 U.S.C. Secs. 7432(d)(1) & 7433(d)(1); Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir.1992). Second, The United States did not waive its sovereign immunity under the Federal Tort Claims Act ("FTCA") because Williams's claims arise out of the assessment and collection of taxes and the FTCA does not waive immunity for such claims. 28 U.S.C. Sec. 2680(c); Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir.1982); Morris v. United States, 521 F.2d 872, 874 (9th Cir.1975).
 
 
 9
 Finally, to the extent that Williams sued the Commissioner in his individual capacity, an action for damages is foreclosed. See Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991) (the remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected, forecloses a damages action under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)).
 
 
 10
 Accordingly, because the United States has not waived its sovereign immunity, the district court properly dismissed Williams's action for lack of subject-matter jurisdiction.[2]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 2410 of Title 28 of the United States Code also does not provide of waiver of sovereign immunity because Williams is challenging the legality of the impositions of the additions to his tax rather than the procedural validity of the levy. See 28 U.S.C. Sec. 2410; Arford v. United States, 934 F.2d 229, 232 (9th Cir.1991)
 
 
 [2]
 To the extent that William sought injunctive relief, his claims are barred by the Anti-Injunction Act ("Act"), 26 U.S.C. Sec. 7421. Although there are several statutory exceptions and one judicial exception to the Act, Williams does not contend that any of the exceptions are applicable here. See Jensen v. IRS, 835 F.2d 196, 198 (9th Cir.1987) (if the taxpayer fails to show that his suit falls within one of the exceptions, the district court must dismiss the suit for lack of subject-matter jurisdiction)