29 F.3d 634
 74 A.F.T.R.2d 94-5512
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel R. THOMAS; Sylvia Torres Thomas, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-35010.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 26, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayers Daniel Thomas and Sylvia Torres Thomas appeal pro se the district court's dismissal for lack of subject matter jurisdiction of their action seeking (1) to enjoin the Internal Revenue Service ("IRS") from enforcing a notice of levy, and (2) compensatory damages in an amount equal to taxes paid for tax years 1987 through 1992. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 First, as the district court found, the Thomases' claim for injunctive relief against the IRS is barred by the Anti-Injunction Act ("Act"), 26 U.S.C. Sec. 7421(a). Although there are several statutory exceptions to the Act, the Thomases do not contend that any of the statutory exceptions are applicable here. If a taxpayer fails to show that his suit falls within one of the exceptions, the district court must dismiss the suit for lack of subject matter jurisdiction. Jensen v. IRS, 835 F.2d 196, 198 (9th Cir.1987). Therefore, any claim for injunctive relief was properly dismissed. See id.
 
 
 4
 Second, any claim for money damages asserted by the Thomases is barred by the doctrine of sovereign immunity because the United States has not expressly waived its immunity and consented to be sued. See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985) (absent express statutory consent to be sued, dismissal is required). To the extent that the Thomases seek a tax refund, they have failed to allege exhaustion of their administrative remedies under 26 U.S.C. Sec. 7422(a). See Thomas v. United States, 755 F.2d 728, 729 (9th Cir.1985). Accordingly, the district court properly dismissed the Thomases' claim for damages.[1]
 
 
 5
 The government requests sanctions against the Thomases for filing a frivolous appeal. We have discretion to impose sanctions against litigants, even pro se, for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. Sec. 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988) ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." Wilcox, 848 F.2d at 1009. This appeal is frivolous because the result is obvious and the Thomases' arguments are wholly without merit. Nevertheless, because this appears to be the Thomases' first action raising these issues, we refuse to impose sanctions.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent the Thomases seek declaratory relief, their action is barred by the tax exception to the Declaratory Judgment Act, 28 U.S.C. Sec. 2201(a). See Hughes v. United States, 953 F.2d 531, 536-37 (9th Cir.1992) (district court has jurisdiction over cases seeking declaratory relief, except for disputes with respect to federal taxes). The Thomases' contention that the district court had jurisdiction pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. Secs. 1330, 1605(a)(1) & 4 also lack merit. This statute confers jurisdiction on United States district courts over actions against foreign states. The Thomases' complaint fails to provide any basis for the district court asserting jurisdiction under this statute