33 F.3d 59
 74 A.F.T.R.2d 94-5907
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leroy J. MURRAY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-35932.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 10, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leroy J. Murray appeals pro se the district court's summary judgment for the United States in Murray's action seeking to quiet title to personal property and seeking a tax refund and damages. Murray also appeals the district court's denial of his motion to remand his action to state court. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Background
 
 
 4
 Murray originally filed this action against the United States in the superior court for the state of Idaho. Murray sought (1) to quiet title to his wages upon which the United States had placed a lien, (2) damages for wrongful seizure of his wages, and (3) a refund of the wages seized. The United States removed the action to federal district court. The district court denied Murray's motion for remand and granted the government's motion for summary judgment finding that the United States had not waived its sovereign immunity. Murray timely appeals.
 
 II
 Merits
 
 5
 We review de novo the district court's grant of summary judgment. Huff v. United States, 10 F.3d 1440, 1443 (9th Cir.), cert. denied, 114 S.Ct. 2706 (1994). Summary judgment is appropriate where, viewing the evidence in the light most favorable to the non-moving party, no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Hansen v. Commissioner, 7 F.3d 137, 138 (9th Cir.1993). Once the moving party has met its initial burden, the nonmoving party ... must come forth with specific facts to show that a genuine issue of material fact exists. Hansen, 7 F.3d at 138.
 
 A. Quiet Title
 
 6
 Murray contends that the district court erred by granting summary judgment for the United States because the government waived its sovereign immunity under 28 U.S.C. Sec. 2410. Murray alleges that the IRS (1) failed to properly serve him with statutory notices of deficiencies for 1987 and 1988, (2) failed to prepare a substitute return, (3) failed to properly assess his taxes pursuant to IRC Sec. 6203; (4) failed to issue notices of assessment and demands for payment pursuant to IRC section 6303; and (5) failed to respond to his request for copies of the record of assessment.[1]
 
 
 7
 Section 2410 provides that "the United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. Sec. 2410(a). The taxpayer may challenge only the procedural aspects of tax liens, not the merits on the underlying assessment. Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). A section 2410(a) quiet title action is jurisdictionally barred if the United States claims a title interest, rather than a lien interest in the disputed property. Farr v. United States, 990 F.2d 451, 453 (9th Cir.), cert. denied, 114 S.Ct. 634 (1993).
 
 
 8
 Here, the district court lacks jurisdiction over Murray's quiet title action as it relates to wages already seized because the United States claims a title interest in that property. See Id.; Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992). Thus, the district court has jurisdiction over the action only as it related to Murray's future wages. See Farr, 990 F.2d at 453.
 
 
 9
 Murray's claims that the IRS failed to properly issue the notices of deficiencies and failed to prepare a substitute return address the merits of the assessment and are thus not actionable under section 2410. See Huff, 10 F.3d at 1445. Murray's remaining claims present procedural challenges to the validity of the IRS's tax lien and are therefore cognizable under section 2410. See id.
 
 
 10
 1. Assessments and Requests for Copies: Section 6203
 
 
 11
 Murray contends that the IRS failed to properly assess his taxes for 1987 and 1988 pursuant to section 6203. Murray also contends that the IRS failed to respond to his request for copies of the assessments under 26 U.S.C. Sec. 6203. These contentions lack merit.
 
 Section 6203 provides that:
 
 12
 The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules of regulation prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of assessment.
 
 
 13
 26 U.S.C. Sec. 6203. The regulation promulgated under this section states that "[i]f the taxpayer request a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of the assessment, the character of the liability assessed, the tax period, if applicable, and the amount assessed." 26 C.F.R. Sec. 301.6203. "Generally, courts have held that IRS Form 4340 provides at least presumptive evidence that a tax has been validly assessed under section 6203." See Huff, 10 F.3d at 1445.
 
 
 14
 Here, the government submitted a Form 4340 for each of the tax years in question. These forms set forth, for each of the taxable years: Murray's name and social security number; the amounts of tax, penalties, and interest assessed; the type of tax assessed; the period for which the tax was assessed; the date on which the tax was assessed (the "23C date"); and the dates various notices were issued to Murray.
 
 
 15
 Thus, the IRS submitted presumptive evidence that it properly assessed Murray's taxes for the years in question. See id. at 1446. Furthermore, because the Forms set forth all the information that section 6203 requires, the IRS submitted presumptive evidence that Murray was given all the documentation he was entitled to under section 6203. See Koff v. United States, 3 F.3d 1297, 1298 (9th Cir.1993) (per curiam) (citing James v. United States, 970 F.2d 750, 755 (10th Cir.1992) ("notices [of assessment] also satisfy 26 U.S.C. Sec. 6203, the requirement that the IRS provide a copy of the record of assessment")), cert. denied, 114 S.Ct. 1537 (1994)." 26 U.S.C. Sec. 6203. Murray failed to present any evidence regarding the assessments made against him. Accordingly, the district court properly granted summary judgment for the IRS on these issues. See Hughes, 953 F.2d at 536.
 
 
 16
 2. Notice of Assessment Pursuant to Section 6303
 
 
 17
 Murray contends that the IRS failed to properly issue the notices of assessment and demand for payment pursuant to section 6303. This contention lacks merit.
 
 
 18
 Section 6303 requires that a notice of assessment must be sent to the taxpayer's last known address to be valid. 26 U.S.C. Sec. 6303.[2] "A taxpayer's last known address is that address on his most recent return, unless the taxpayer communicates to the IRS 'clear and concise' notice of change of address." Williams v. Commissioner, 935 F.2d 1066, 1067 (9th Cir.1991) (quotations and citations omitted).
 
 
 19
 "Form 4340 is probative evidence in and of itself and, in the absence of contrary evidence, [is] sufficient to establish that notices and assessments were properly made." Hansen, 7 F.3d at 138.
 
 
 20
 Here, in addition to submitting a form 4340 for each year at issue, the IRS submitted an affidavit from IRS agent, Rhonda Reed, asserting that the IRS sent the notices and demands to Murray's last known address.
 
 
 21
 Murray contends that he never received the notices of assessment. Murray, however, has failed to present any specific facts showing that the IRS did not send the notice and demand to his last known address or that he provided that IRS with a change of address. Thus, the district court properly granted summary judgment for the IRS on this issue. See Id.
 
 B. Refund and Damages
 
 22
 To the extent that Murray sought a tax refund, the United States has not waived its sovereign immunity. Internal Revenue Code section 7422 grants a waiver of sovereign immunity to permit jurisdiction under 28 U.S.C. Sec. 1346 for tax refund actions. See 26 U.S.C. Sec. 7422(a); Thomas v. United States, 755 F.2d 728, 729 (9th Cir.1985). The taxpayer, however, must first pay the assessments in full and file a claim for a refund with the IRS. Id. Because Murray failed to allege that he exhausted his administrative remedies under section 7422, his refund claim is barred by the doctrine of sovereign immunity. See id.
 
 
 23
 Any claims for money damages asserted by Murray are also barred by the doctrine of sovereign immunity. First, the United States did not waive its sovereign immunity under either Internal Revenue Code section 7432 or 7433 because Murray failed to allege that he exhausted his administrative remedies under either section. See 26 U.S.C. Secs. 7432(d)(1) & 7433(d)(1); Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir.1992). Second, The United States did not waive its sovereign immunity under the Federal Tort Claims Act ("FTCA") because Murray's claims arise out of the assessment and collection of taxes and the FTCA does not waive immunity for such claims. 28 U.S.C. Sec. 2680(c); Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir.1982); Morris v. United States, 521 F.2d 872, 874 (9th Cir.1975).
 
 C. Remand
 
 24
 We review the district court's denial of a motion to remand an action to state court de novo. Young v. Anthony's Fish Grotto, Inc., 830 F.2d 993, 996 (9th Cir.1987).
 
 
 25
 Murray contends that the district court erred by not remanding his action to state court pursuant to 28 U.S.C. Sec. 1447(c), which provides in pertinent part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."
 
 
 26
 "In an action against the United States, in addition to statutory authority granting subject matter jurisdiction, there must be a waiver of sovereign immunity." Arford v. United States, 934 F.2d 229, 231 (9th Cir.1991). Under 28 U.S.C. Sec. 1340 the district courts "have original jurisdiction over any civil action arising under any Act of Congress providing for internal revenue...." 28 U.S.C. Sec. 1340. "Section 1340, however, does not constitute a waiver of sovereign immunity." Arford, 934 F.2d at 231.
 
 
 27
 Here, the district court had subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1340. See id. Nevertheless, the action is not maintainable because the United States has not consented to be sued. See id. Accordingly, the district court did not err by denying Murray's motion to remand the action to state court.
 
 
 28
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Murray's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Murray also contends that the lien is improper because the IRS failed to (1) obtain a judgment order, and (2) properly serve his employer with a notice of levy. These issue were not raised below and will not be addressed for the first time on appeal. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 3 (9th Cir.1988)
 
 
 [2]
 Section 6303 provides:
 [T]he Secretary shall ... after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address."
 26 U.S.C. Sec. 6303.