37 F.3d 1506
 74 A.F.T.R.2d 94-6571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrew RAHAS, Jr., Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-15347.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 27, 1994.
 
 Before: SNEED, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andrew Rahas Jr. appeals pro se the district court's dismissal of his action for failure to state a claim. Rahas alleges that he has absolute property rights outside the jurisdiction of the United States, and, therefore, the Internal Revenue Service ("IRS") cannot assess taxes against him. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. Because the district court lacked subject-matter jurisdiction over this action, we vacate and remand with instructions to dismiss.
 
 
 3
 Rahas believes that he received a "testamentary gift" from the United States. That "gift" was the ability of the United States to exercise jurisdiction over him. Rahas contends that his "revocation" of the "gift" removed him from the jurisdiction of the United States and the IRS. Rahas seeks: (1) a preliminary and permanent injunction to enjoin the IRS from collecting taxes; (2) compensatory damages; and (3) declaratory judgment declaring the assessments against Rahas's property are in violation of his "absolute" property rights.
 
 
 4
 Rahas's claim for injunctive relief against the IRS is barred by the Anti-Injunction Act (the Act), 26 U.S.C. Sec. 7421(a). The Act imposes substantial limits on actions to enjoin the collection of taxes. 26 U.S.C. Sec. 7421(a); Hughes v. United States, 953 F.2d 531, 535 (9th Cir.1992); Jensen v. IRS, 835 F.2d 196, 198 (9th Cir.1987). "If an taxpayer fails to show that his suit falls within one of the statutory or judicially created exceptions to the Act, the district court lacks of subject matter jurisdiction and must dismiss the complaint." Jensen, 835 F.2d at 198; accord 26 U.S.C. Sec. 7421. Rahas has not alleged that any of the statutory or judicially created exceptions are applicable to his action. Therefore, any claim for injunctive relief should have been dismissed for lack of subject-matter jurisdiction. 26 U.S.C. Sec. 7421; Jensen, 835 F.2d at 198.
 
 
 5
 Rahas's claim for money damages is barred by the doctrine of sovereign immunity because the United States has not expressly waived its immunity and consented to be sued. See Gilbert v. DeGrossa, 756 F.2d 1455, 1458 (9th Cir.1985) (stating that absent the United States' express statutory consent to be sued, dismissal is required). To the extent that Rahas seeks a "refund" of the $10,000 he alleges was confiscated by the IRS, he has failed to allege exhaustion of his administrative remedies pursuant to 26 U.S.C. Sec. 7422(a).[1] Thomas v. United States, 755 F.2d 728, 729 (9th Cir.1985). Accordingly, the district court lacked subject-matter jurisdiction to adjudicated Rahas's claim for damages. See Gilbert, 756 F.2d at 1458; Thomas, 755 F.2d at 729.
 
 
 6
 Rahas's claim for declaratory relief is barred by the tax exception to the Declaratory Judgment Act, 28 U.S.C. Sec. 2201. Section 2201 provides the district court with jurisdiction over claims seeking declaratory relief. However, disputes "with respect to Federal taxes" are explicitly outside the jurisdiction of district courts pursuant to section 2201. 28 U.S.C. Sec. 2201; Hughes, 953 F.2d at 536-37. Because Rahas seeks a declaratory judgment pertaining to his liability for federal taxes, the district did not have subject-matter jurisdiction to adjudicate this claim. See Hughes, 953 F.2d at 537.
 
 
 7
 Finally, Rahas's contention that the district court had jurisdiction pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. Secs. 1330(a), 1605(a)(1), (4) & (5), lacks merit. This statute confers jurisdiction on United States district courts over actions against foreign states. Although Rahas believes otherwise, his complaint fails to provide any basis for the district court asserting jurisdiction under this statute.
 
 
 8
 The government requests sanctions against Rahas for filing a frivolous appeal. We have discretion to impose sanctions against litigants for prosecuting a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. Sec. 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988); Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986). "Sanctions are appropriate when the result of an appeal is obvious and the arguments of error are wholly without merit." Grimes, 806 F.2d at 1454; accord Wilcox, 848 F.2d at 1009. Rahas's contention that he has absolute property rights outside the jurisdiction of the United States, and, therefore, the IRS cannot assess taxes against him is "wholly without merit." We have rejected similar contentions from individuals attempting to avoid tax liability. Thus, even though Rahas is proceeding pro se, sanctions are appropriate. See Wilcox, 848 F.2d at 1009; Grimes, 806 F.2d at 1454. Therefore, we award damages to the government in the amount of $1500.
 
 
 9
 Accordingly, because the district court lacked subject-matter jurisdiction over Rahas's action, we vacate the district court's judgment and remand with instructions to dismiss. Moreover, because we conclude that Rahas's appeal is frivolous, we award damages to the government in the amount of $1500.
 
 
 10
 VACATED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that Rahas has not even established that the IRS has garnished his wages or seized his property. The IRS contends that it has taken no such action against Rahas