46 F.3d 1142
 75 A.F.T.R.2d 95-838
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert B. LEMON, Plaintiff-Appellant,
v.
M. MARTIN, et al., Defendants-Appellees.
 No. 94-55594.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 19, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert B. Lemon appeals pro se the district court's dismissal for lack of subject-matter jurisdiction of Lemon's action alleging that Internal Revenue Service ("IRS") employees violated his constitutional rights by seeking tax information and collecting unpaid taxes. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Jensen v. IRS, 835 F.2d 196, 198 (9th Cir. 1987), and affirm.
 
 
 3
 To the extent that Lemon sought a tax refund, the United States has not waived its sovereign immunity. Internal Revenue Code section 7422 grants a waiver of sovereign immunity to permit jurisdiction under 28 U.S.C. Sec. 1346 for tax refund actions. See 26 U.S.C. Sec. 7422(a); Thomas v. United States, 755 F.2d 728, 729 (9th Cir. 1985). The taxpayer, however, must first pay the assessments in full and file a claim for a refund with the IRS. Id. Because Lemon failed to allege that he exhausted his administrative remedies under section 7422, his refund claim is barred by the doctrine of sovereign immunity. See id.
 
 
 4
 Any claims for money damages asserted by Lemon against the IRS employees in his their official capacities also are barred by the doctrine of sovereign immunity. First, the United States did not waive its sovereign immunity under either Internal Revenue Code section 7432 or 7433 because Lemon failed to allege that he exhausted his administrative remedies under either section. See 26 U.S.C. Secs. 7432(d)(1) & 7433(d)(1); Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir. 1992). Second, The United States did not waive its sovereign immunity under the Federal Tort Claims Act ("FTCA") because Lemon's claims arise out of the assessment and collection of taxes and the FTCA does not waive immunity for such claims. 28 U.S.C. Sec. 2680(c); Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982); Morris v. United States, 521 F.2d 872, 874 (9th Cir. 1975).
 
 
 5
 Finally, to the extent that Lemon sued the IRS employees in their individual capacities, an action for damages is foreclosed. See Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir. 1990), cert. denied, 498 U.S. 1096 (1991) (the remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected, forecloses a damages action under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)).
 
 
 6
 Accordingly, because the United States has not waived its sovereign immunity, the district court properly dismissed Lemon's action for lack of subject-matter jurisdiction.[1]
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent that Lemon sought injunctive relief, his claims are barred by the Anti-Injunction Act ("Act"), 26 U.S.C. Sec. 7421. Although there are several statutory exceptions and one judicial exception to the Act, Lemon does not contend that any of the exceptions are applicable here. See Jensen, 835 F.2d at 198 (if the taxpayer fails to show that his suit falls within one of the exceptions, the district court must dismiss the suit for lack of subject-matter jurisdiction)
 
 
 [2]
 Appellees' request for sanctions is denied