46 F.3d 1144
 75 A.F.T.R.2d 95-832
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ulysses D. RICHARD, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-15578.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 19, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ulysses D. Richard appeals pro se the district court's summary judgment for the United States in Richard's action seeking (1) a refund of all monies collected by the Internal Revenue Service ("IRS") pursuant to a 1986 United States Tax Court decision, and (2) a ruling that the tax court decision is unenforceable. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review the district court's grant of summary judgment de novo. Huff v. United States, 10 F.3d 1440, 1443 (9th Cir.), cert. denied, 114 S. Ct. 2701 (1994). We vacate and remand with instructions to dismiss for lack of subject-matter jurisdiction.
 
 
 3
 * Tax Refund
 
 
 4
 The United States is a sovereign entity and may not be sued without its consent. Elias v. Connett, 908 F.2d 521, 527 (9th Cir. 1990). Plaintiff has the burden of showing a waiver of sovereign immunity. Baker v. United States, 817 F.2d 560, 562 (1987), cert. denied, 487 U.S. 1204 (1988).
 
 
 5
 Section 1346(a)(1) of Title 28 provides a specific grant of jurisdiction to federal district courts over actions for the refund of any internal revenue tax allegedly erroneously or illegally assessed or collected. 28 U.S.C. Sec. 1346(a)(1). Internal Revenue Code section 7422 grants a waiver of sovereign immunity to permit jurisdiction under 28 U.S.C. Sec. 1346(a)(1). See 26 U.S.C. Sec. 7422(a). The taxpayer, however, must first pay the assessment in full and file an administrative claim for a refund which the IRS has rejected or not acted upon within six months. 26 U.S.C. Sec. 6532(a)(1); Thomas v. United States, 755 F.2d 728, 729 (9th Cir. 1985).
 
 
 6
 Here, Richard failed to show that he filed a claim for a refund which the IRS rejected or did not act upon within six months. Richard filed this action in the district court on August 18, 1993. On January 13, 1994, in opposition to defendant's motion for summary judgment, Richard submitted a document purporting to be a claim for a refund. Richard maintained that he sent the refund claim on January 6, 1993 and attached a Receipt for Certified Mail. The date on the receipt, however, is January 6, 1994, more than four months after the filing of his complaint.
 
 
 7
 Because Richard failed to show that he exhausted his administrative remedies under section 7422, his refund claim is barred by the doctrine of sovereign immunity. See 26 U.S.C. Secs. 7422(a), 6532(a)(1); Thomas, 755 F.2d at 729. Thus, the district court lacks subject-matter jurisdiction over Richard's refund claim. See Thomas, 775 F.2d at 729.
 
 II
 Declaratory/Injunctive Relief
 
 8
 To the extent Richard seeks to have the 1986 tax court decision declared unenforceable, 28 U.S.C. Sec. 2201 specifically bars the district court from granting such relief. Section 2201 provides the district court with jurisdiction over cases seeking declaratory relief except those seeking such relief "with respect to Federal taxes." 28 U.S.C. Sec. 2201; Hughes v. United States, 953 F.2d 531, 536-37 (9th Cir. 1992).
 
 
 9
 To the extent Richard seeks an injunction to prevent the collection of his tax liabilities, the district court also is without jurisdiction to grant such relief. The Anti-Injunction Act provides that, with certain exceptions inapplicable here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. Sec. 7421(a); Hughes, 953 F.2d at 535. Thus, the district court lacked jurisdiction over Richard's claims for declaratory and injunctive relief. See Hughes, 935 F.2d at 535-37.
 
 III
 Conclusion
 
 10
 Because the district court lacked jurisdiction over Richard's claims, we vacate the court's summary judgment and remand with instructions to dismiss the action for lack of subject-matter jurisdiction.
 
 
 11
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3