59 F.3d 175
 76 A.F.T.R.2d 95-5174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James L. JENSEN, Plaintiff-Appellant,
v.
UNITED STATES INTERNAL REVENUE SERVICE; United States of
America, Defendants-Appellees.
 No. 93-16413.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 15, 1995.
Decided June 23, 1995.
 
 Before: SCHROEDER, BEEZER and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James L. Jensen appeals pro se the district court's dismissal of his action seeking quiet title relief to wages seized by the Internal Revenue Service ("IRS"). Jensen also seeks damages for the wages seized by the IRS. The district court found that it lacked subject-matter jurisdiction over Jensen's claim for quiet title relief and that Jensen's request for damages failed to state a claim upon which relief could be granted. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Jensen contends that the district court erred by dismissing his claim for quiet title relief. Jensen argues that the United States waived its sovereign immunity under 28 U.S.C. Sec. 2410. This contention is without merit.[1]
 
 
 4
 In relevant part, section 2410 provides that "the United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. Sec. 2410(a)(1); accord Farr v. United States, 990 F.2d 451, 453 (9th Cir.), cert. denied, 114 S. Ct. 634 (1993); Hughes v. United States, 953 F.2d 531, 537-38 (9th Cir. 1992). A section 2410(a) quiet title action is jurisdictionally barred if the United States claims a title interest, rather that a lien interest, in the disputed property. Farr, 990 F.2d at 453; Hughes, 953 F.2d at 538. Therefore, taxpayers "can only use Sec. 2410 to challenge the continued collection of taxes through the garnishment of their wages." Hughes, 953 F.2d at 538; accord Huff v. United States, 10 F.3d 1440, 1444 n.3 (9th Cir. 1993), cert. denied, 114 S. Ct. 2706 (1994); Farr, 990 F.2d at 453.
 
 
 5
 Here, Jensen seeks to quiet title to wages collected by the IRS between June, 1984, and March, 1986. Because the monies had already been collected, the Government had a title interest in those wages. See Farr, 990 F.2d at 453; Hughes, 953 F.2d at 538. Thus, the district court lacked subject-matter jurisdiction over Jensen's quiet title action because the United States claims a title interest in the wages at issue. See Huff, 10 F.3d at 1444 n.3; Farr, 990 F.2d at 453; Hughes, 953 F.2d at 538.
 
 II
 
 6
 To the extent that Jensen seeks damages for the collection of his taxes, this claim is barred by the doctrine of sovereign immunity because the United States has not expressly waived its immunity and consented to be sued. See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985) (stating that absent the United States' express statutory consent to be sued, dismissal is required). Furthermore, the United States did not waive its sovereign immunity under the Federal Torts Claim Act for claims that arise out of the assessment and collection of taxes. 28 U.S.C. Sec. 2680(c); Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982).
 
 
 7
 To the extent that Jensen seeks a "refund" of the taxes collected by the IRS, he has failed to allege exhaustion of his administrative remedies pursuant to 26 U.S.C. Sec. 7422(a). See Thomas v. United States, 755 F.2d 728, 729 (9th Cir. 1985).
 
 
 8
 Accordingly, the district court lacked subject-matter jurisdiction to adjudicate Jensen's claim for damages. See Gilbert, 756 F.2d at 1458; Thomas, 755 F.2d at 729.
 
 AFFIRMED.[2]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court determined that Jensen's quiet title claim was jurisdictionally barred by the appeal in another action. We disagree. Nevertheless, we may affirm on any basis supported in the record. See United States v. Washington, 969 F.2d 752, 755 (9th Cir. 1992), cert. denied, 113 S. Ct. 1945 (1993)
 
 
 [2]
 We deny Jensen's motions for injunctive relief. All other pending motions are denied