116 F.3d 484
 80 A.F.T.R.2d 97-5060, 97-2 USTC P 50,638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmy McDOWELL, Plaintiff-Appellant,
v.
UNITED STATES of America; Timothy A. Towns, Defendants-Appellees.
 No. 96-17071.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 20, 1997.
 
 Appeal from the United States District Court for the District of Nevada, No. CV-95-00635-LDG; Lloyd D. George, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Taxpayer Jimmy McDowell appeals pro se from the district court's dismissal of his civil rights action for lack of jurisdiction. McDowell sought (1) damages for alleged constitutional violations arising from the Internal Revenue Services' (IRS) seizure of his earnings, (2) the return of all past income taxes paid by McDowell, and (3) an injunction against further seizures. McDowell alleges that his is not subject to federal income taxation because he is a sovereign American and the government lacks authority to collect income taxes.
 
 
 3
 The district court properly dismissed McDowell's action for lack of jurisdiction. First, to the extent that McDowell sought a refund of taxes paid, the district court properly dismissed McDowell's complaint because McDowell failed to allege exhaustion of his administrative remedies under 26 U.S.C. § 7422(a). See Thomas v. United States, 755 F.2d 728, 729 (9th Cir.1985). Second, any claim for money damages asserted by McDowell is barred by the doctrine of sovereign immunity because the United States has not expressly waived its immunity and consented to be sued. See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985) (absent express statutory consent to be used, dismissal is required). Third, McDowell's requests for injunctive relief against the IRS are barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a). Finally, McDowell is foreclosed from bringing a Bivens suit against IRS employee Timothy A. Towns. See Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991).
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3