Charles D. MINOR; et al.,
Plaintiffs–Appellants,

v.

UNITED STATES of America; et al., Defendants–Appellees.

No. 07–56125.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008 *.

Filed Sept. 22, 2008.

Charles D. Minor, Burbank, CA, pro se.

Janet I. Minor, Burbank, CA, pro se.

Robert N. Kwan, Esquire, USLA, Office of the U.S. Attorney, Los Angeles, CA, Laurie Snyder, Thomas J. Clark, Esquire, DOJ, U.S. Department of Justice, Washington, DC, for Defendants–Appellees.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Charles and Janet Minor appeal pro se from the district court's dismissal of their civil rights action against the United States and the State of California for lack of jurisdiction, or in the alternative, for failure to state a claim. The Minors al-

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

leged the "unlawful takings of private property through the unlawful application" of the tax law by the Internal Revenue Board and the Franchise Tax Board. The Minors argue, among other things, that they have not engaged in any revenue taxable activity, that they cannot be classified as "taxpayers," that Internal Revenue Code is not positive law, and that defendants unconstitutionally imposed a tax on their right to live and own property.

■ The district court properly dismissed the Minors' action seeking damages for lack of jurisdiction because sovereign immunity bars all suits against the federal government unless it expressly consents to be sued. The IRS and its agents in their official capacities have not waived sovereign immunity, and thus, the Minors' action is barred. *See Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985).

■ The Minors asked the district court to provide them with the protection of the law from crimes being committed against them by the Internal Revenue Service and the Franchise Tax Board and to remove all liens and levies. The Minors' request to enjoin the government's collection of taxes is barred by the Anti–Injunction Act. *Elias v. Connett,* 908 F.2d 521, 523 (9th Cir. 1990). To the extent the Minors contend that federal income tax statutes and procedures violate the Constitution, we summarily reject such arguments. *See United States v. Nelson (In re Becraft),* 885 F.2d 547, 548 (9th Cir.1989) (order).

■ To the extent that the Minors seek a tax refund, the United States has not waived its sovereign immunity. Internal Revenue Code section 7422 grants a waiver of sovereign immunity to permit jurisdiction under 28 U.S.C. § 1346 for tax refund actions. *See* 26 U.S.C. § 7422(a); *Thomas v. United States,* 755 F.2d 728, 729 (9th Cir.1985). A taxpayer, however, must first pay the assessments in full and file a claim for a refund with the IRS. Because the Minors failed to allege that they exhausted their administrative remedies under section 7422, their refund claim is barred by the doctrine of sovereign immunity. *Id.*

Finally, because California offers a "plain, speedy and efficient remedy" in its courts for state tax appeals, *see Jerron West, Inc. v. State of Cal. State Bd. of Equalization,* 129 F.3d 1334, 1338–39 (9th Cir.1997), the district court properly dismissed the Minors' claims seeking declaratory and injunctive relief against the State. *See* 28 U.S.C. § 1341. The district court also properly dismissed Minors' remaining claims because the defendant state agency is not a "person" under 42 U.S.C. §§ 1983 or 1985, *see Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), and it is entitled to Eleventh Amendment immunity, *see Mitchell v. Franchise Tax Board (In re Mitchell),* 209 F.3d 1111, 1115–16 (9th Cir.2000).

Because the arguments raised by the Minors on appeal are wholly without merit, we grant the government's motion to impose sanctions against the Minors for bringing a frivolous appeal. *See* 28 U.S.C. § 1912; Fed. R.App. P. 38; *Wilcox v. Commissioner,* 848 F.2d 1007, 1008 (9th Cir.1988) (imposing sanctions against pro se litigant for arguing that wages are not income and payment of taxes is voluntary). We impose sanctions in the amount of $1,000. All other pending motions are denied.

**AFFIRMED.**