Irwin **KOFF**; **Darline Ruth Koff**, Plaintiffs–Appellants,

v.

**UNITED STATES of America**, Defendant–Appellee.

No. 91–16839.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 1992 *.

Memorandum Disposition Oct. 23, 1992.

Memorandum Withdrawn Sept. 1, 1993.

Decided Sept. 1, 1993.

Irwin Koff, Darline Ruth Koff, pro se.

Gary R. Allen, Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant-appellee.

Before FERGUSON, O'SCANNLAIN, and RYMER, Circuit Judges.

PER CURIAM:

Upon rehearing, we contemplate the extent to which 28 U.S.C. § 2410 waives the United States' sovereign immunity from suit in tax cases. Our previous unpublished memorandum, 978 F.2d 715, filed October 23, 1992, is withdrawn.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34–4.

## I

Irwin and Darline Koff ("the Koffs"), acting pro se, brought suit pursuant to 28 U.S.C. § 2410(a) to quiet title to certain of their property on which the IRS had placed federal tax liens. The Koffs allege that the liens are procedurally defective, hence invalid. The district court granted summary judgment in favor of the government. We affirm.

The Koffs predicate their claims for relief on 26 U.S.C. § 6203, which provides that, "[u]pon request of the taxpayer, the secretary shall furnish the taxpayer a copy of the record of the assessment." The Koffs assert that this section entitles them to a copy of the actual document by which the assessment was effected, namely, the "summary record of assessment" on Form 23C. *See* 26 C.F.R. § 301.6203–1 ("The assessment shall be made by an assessment officer signing the summary record of assessment."). That the government has failed to produce a copy of the summary record of assessment, they say, implies that no such document exists. The Koffs conclude that a proper assessment has not been proved, and that the liens placed on their property are thus invalid, and should be removed. We reject this analysis.

## II

At the threshold, we must determine whether we can reach the merits of the Koffs' suit. The answer hinges on whether section 2410 serves to abrogate the United States' sovereign immunity with respect to suits of this kind. This may be a question as to which our decisions are in conflict. *Compare Elias v. Connett,* 908 F.2d 521, 527 (9th Cir.1990), *with Arford v. United States,* 934 F.2d 229, 232 (9th Cir.1991). For the reasons stated in the separate opinions of Judges Ferguson, O'Scannlain, and Rymer, however, we proceed to the merits of the Koffs' claim.

## III

■ We reject the Koffs' contention that section 6203 entitles them to a copy of the summary record of assessment on Form 23C

upon request. The regulations promulgated under this section state that "[i]f the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed." *Id.* This represents a permissible interpretation of section 6203, and we are therefore bound to give it deference. Since the government has produced Certificates of Assessments and Payments on Form 4340, which set forth all the information this regulation requires, the Koffs have already been given all the documentation to which they are entitled by section 6203. *See James v. United States,* 970 F.2d 750, 755 (10th Cir.1992) ("notices [of assessment] also satisfy 26 U.S.C. § 6203, the requirement that the IRS provide a copy of the record of assessment").[1]

■ It is settled in this circuit that Certificates of Assessments and Payments are "probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that ... assessments were properly made." *Hughes v. United States,* 953 F.2d 531, 540 (9th Cir.1992). The Koffs presented no evidence whatsoever regarding the assessment made against them. Accordingly, the judgment of the district court is

AFFIRMED.

FERGUSON, Circuit Judge, concurring:

I concur in the judgment. I write separately to explain why we need not use this case to resolve any conflict that exists between *Elias v. Connett,* 908 F.2d 521, 527 (9th Cir.1990) and *Arford v. United States,* 934 F.2d 229, 232 (9th Cir.1991). As Part III of the per curiam opinion makes clear, the Koffs' claim is entirely insubstantial on the merits: they have produced no evidence that there actually was a procedural defect in the notice of assessment. Because the jurisdictional question is quite difficult, our wisest course is to assume without deciding that jurisdiction exists and proceed to affirm on the merits. We have unequivocally held that

---

1. The Koffs have asked that we issue a writ of mandamus compelling the IRS to produce a copy of their summary record of assessment. The request is denied.

we are constitutionally empowered to do so under the doctrine of hypothetical jurisdiction. *See Clow v. United States Dep't. of Hous. & Urban Dev.*, 948 F.2d 614, 616 n. 2 (9th Cir.1991) (per curiam).

Judge O'Scannlain believes we have no jurisdiction to resolve this case on its insubstantial merits because he apparently continues to adhere to his dissenting stance in *Clow*. However, as Judge O'Scannlain explains in his concurrence in the case at bar, this panel has "no authority to overrule the decision of any other three-judge panel of this court." *Clow* is binding precedent on the scope of our jurisdiction until the Supreme Court or this court sitting en banc holds otherwise.

In *Geiselman v. United States*, 961 F.2d 1 (1992) (per curiam), the First Circuit was faced with a jurisdictional dispute strikingly analogous to the case at bar. I fully agree with that court's approach: "The government argues ... that the district court had no jurisdiction under Section 2410 to consider the alleged defect in the notice of deficiency.... We need not attempt to split this jurisdictional hair because we find no evidence that any of the alleged defects existed." *Geiselman*, 961 F.2d at 4 n. 1.

O'SCANNLAIN, Circuit Judge, concurring in the judgment:

I agree that Part II of the per curiam opinion represents the proper resolution of the merits of the taxpayers' arguments in this case. I believe, however, that this panel ought never to have reached the merits. In my view, there is a conflict in this court's precedents that prevents us from asserting jurisdiction here, and requires that we recommend that this case be decided by our en banc court.

I

It is settled that 28 U.S.C. § 2410 serves to abrogate the United States' sovereign immunity from suit only with respect to challenges to "the procedural validity of a tax lien"—"[a] taxpayer may not use a section 2410 action to collaterally attack the merits of an assessment." *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir.1990). *See Powelson v. United States*, 979 F.2d 141, 145 (9th Cir.1992); *Hughes v. United States*, 953 F.2d 531, 538 (9th Cir.1992); *Arford v. United States*, 934 F.2d 229, 232 (9th Cir.1991). Our cases agree on this much. They differ, however, with respect to how the line is to be drawn between a challenge to "the procedural validity of a tax lien" and a challenge to "the merits of an assessment."

A

In Elias, we held that a taxpayer's allegation that "a lawful assessment against him does not exist" goes to "the merits of [his] assessment rather than the procedural validity of the IRS's lien," and thus does not state a claim cognizable under section 2410. *Elias*, 908 F.2d at 527. The Koffs allege that the tax lien placed on their property is invalid because the IRS did not properly follow its internal procedures in effecting the assessment upon which the lien is based. Although the legal result for which the Koffs contend is that the *lien* is invalid, the basis of this contention is that "a lawful assessment against [them] does not exist." Under *Elias*, then, the Koffs' suit constitutes an attack on the merits of their assessment, to which the waiver of sovereign immunity in section 2410 does not extend.

B

In *Arford*, the taxpayers "alleged that the government [ ] did not assess their taxes as required by [section] 6203." 934 F.2d at 231. Without discussing *Elias*, we held that this allegation stated a claim cognizable under section 2410: "to the extent [the Arfords] are challenging the procedural lapses of the assessment under § 6203, 28 U.S.C. § 2410 does serve as a waiver of sovereign immunity." *Id.* at 232. The Koffs' allegation that the IRS did not properly follow its internal assessment procedures is indistinguishable from the Arfords' claim "that the government [ ] did not assess their taxes as required by" law. Under *Arford*, then, the Koffs' suit presents a claim of "procedural lapse[ ]" which falls within the waiver of sovereign immunity in section 2410.

II

To my mind, *Elias* and *Arford* are plainly in conflict. Moreover, I believe that en banc resolution of this conflict is unavoidable, for I am unable to agree with either of the approaches my colleagues have taken in this matter.

Judge Ferguson would avert the need to recognize the conflict between *Elias* and *Arford* by assuming for purposes of decision that we have jurisdiction, and deciding this case on the merits. This sort of solution is undeniably an attractive and, in general, a useful one. Under the circumstances, however, I believe it is unavailable to us. As I have explained at length elsewhere, I believe we are forbidden to *assume* we have jurisdiction to exercise the judicial power created by Article III and vested in us by statute. *See Clow v. United States Dep't of Housing & Urban Dev.*, 948 F.2d 614, 619 (9th Cir.1991) (O'Scannlain, J., dissenting).

Judge Rymer, meanwhile, would attempt to reconcile *Elias* and *Arford.* With respect, I think her attempt does not succeed. Section 6203 provides (1) that assessments must "be made ... in accordance with rules and regulations prescribed by the Secretary," and (2) that "a copy of the record of the assessment" must be given the taxpayer "upon request." *Arford* held that a claim of "procedural lapses of the assessment under § 6203" is cognizable under section 2410. Judge Rymer would "read th[is] language ... to mean that § 2410 allows a taxpayer to make the procedural argument that she did not receive notice of her assessment which is required by § 6203 and that a tax lien is therefore invalid." That is, Judge Rymer would read *Arford* as extending only to the second requirement of section 6203, not to the first.

I cannot accept this approach for, unfortunately, this is assuredly not what *Arford* actually held. Neither the language of the opinion nor the facts in *Arford* provide any basis for reading the phrase "procedural lapses in the assessment" to mean only "failure to provide a copy of the record of the assessment upon request." The Arfords did not allege only the latter sort of failure. They allege that the government "did not assess their taxes as required" by law. In holding that this allegation stated a claim under section 2410, *Arford* in no way implied that the only "procedural lapses" that counted were those that involved failure to provide the taxpayer with required documentation.

## III

Sitting as a three-judge panel, we have no authority to overrule the decision of any other three-judge panel of this court. *See, e.g., United States v. Washington*, 872 F.2d 874, 880 (9th Cir.1989). Neither do we have the power to "make [a] choice between two opposing lines of authority." *Greenhow v. Secretary of Health & Human Servs.*, 863 F.2d 633, 636 (9th Cir.1988), *overruled en banc, United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir.1992) (en banc). Further, in this instance, we are not permitted to assume the irrelevance of the conflict for purposes of decision, because the conflict goes to our very jurisdiction to hear this appeal. Finally, I see no way to bring about a persuasive and final reconciliation between the cases that are the source of the conflict.

I believe we do ourselves little credit, and the lawyers and litigants who practice before us little good, when we ignore an irreconcilable conflict in our decisions. We must inevitably produce such conflicts. To be sure, we can paper them over easily enough. But in doing so we tolerate and, indeed, encourage, abiding uncertainties in our circuit law, undermining the predictability and uniformity of treatment for which we are bound to strive. The law of this circuit, in short, is far more likely to develop in a rational fashion when we acknowledge our mistakes and move quickly to correct them than when we contrive to disavow them.

In any event, we have declared that "the appropriate mechanism for resolving an irreconcilable conflict is an en banc decision," and that "[a] panel faced with such a conflict *must* call for an en banc review." *Hardesty*, 977 F.2d at 1348 (quoting *Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477, 1478–79 (9th Cir.1987) (en banc), *cert. denied*, 485 U.S. 989, 108 S.Ct. 1293, 99 L.Ed.2d 503 (1988)) (emphasis in *Hardesty* ). Although the legal issue presented here is not as significant as many we face, en banc reconsideration is nonetheless "necessary to secure ... uniformity of [our] decisions." Fed.R.App.P. 35. We are thus bound to recommend that this case be heard by the en banc court. Rather than render a decision in this matter, I would make such a recommendation.

RYMER, Circuit Judge, concurring:

I concur in the judgment but write separately because I believe the Koffs' claim that no proper assessment was made against them is jurisdictionally barred. *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir.1990) ("A

taxpayer may not use a section 2410 action to collaterally attack the merits of an assessment."). However, their claim that the IRS's failure to follow the assessment procedures of 26 U.S.C. § 6203 renders the tax lien against them invalid is cognizable under § 2410. *Arford v. United States*, 934 F.2d 229, 232 (9th Cir.1991); *see also Elias*, 908 F.2d at 527; *James v. United States*, 970 F.2d 750, 755 (10th Cir.1992).

Judge O'Scannlain opines that *Elias* and *Arford* are in conflict, because *Arford* permits a challenge under § 2410 to "the procedural lapses of the assessment under § 6203." 934 F.2d at 232. Judge O'Scannlain reads this language as conflicting with the rule of *Elias* that § 2410 may not be used to challenge the validity of an assessment.

I read *Arford* to hold that § 2410 allows a taxpayer to make a procedural argument that a defect in the recording of an assessment or in the transmission of a copy of the record of assessment renders a tax lien invalid. To read *Arford* to mean that § 2410 permits a procedural challenge to the assessment itself is to create conflict where there is none and to assume that the *Arford* panel badly misread *Elias*, on which it relied.