30 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Albert B. CRAIG; Sheila J. Craig, Plaintiffs-Appellants,
v.
UNITED STATES of America, dba Internal Revenue Service;
Robert E. Wenzel, Director, Service Center of the Internal
Revenue Service; John Doe, Chief, Collection Branch,
Internal Revenue Service; Oregon State Board of Higher
Education; Neal Halter, Control Accountant of the Oregon
State Board of Higher Education, Defendants-Appellees.
 No. 92-35400.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1993.
Decided Aug. 4, 1994.
 
 Before: REINHARDT, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Internal Revenue Service (IRS) served a wage levy on Sheila Craig's employer, the Oregon State Board of Higher Education (OSBHE), in order to collect taxes, interest, and penalties for the 1988 tax year. The levy showed a total amount due of $13,140.38. After sending letters to OSBHE and the IRS contesting the levy, Sheila and Albert Craig filed this action challenging the levy on September 20, 1991. The Craigs characterize the suit as a quiet title action under 28 U.S.C. Sec. 2410. The complaint alleged violations of procedural requirements and sought to stay the levy and quiet title to the property levied. The levy was fulfilled and released on January 23, 1992.
 
 
 3
 The district court granted the government's motion to dismiss the action for lack of subject matter jurisdiction and denied the Craigs' motion for Rule 11 sanctions on February 28, 1992. The court adopted the magistrate's recommendations in holding that (1) 28 U.S.C. Sec. 2410 does not have the effect of waiving sovereign immunity in this case; and (2) construing the action as one for a refund, the court does not have subject matter jurisdiction because the Craigs had not first filed a refund claim with the IRS. The Craigs appeal the dismissal and the denial of sanctions.
 
 
 4
 We affirm the district court's dismissal of this action, although not for the reasons stated in the magistrate's recommendation. Leonard v. Clark, 12 F.3d 885, 889 (9th Cir.1993) ("In reviewing the decisions of the district court, we may affirm on any basis supported by the record."). We decline to reach the thorny jurisdictional issue of whether the Craigs may bring a quiet title action under 28 U.S.C. Sec. 2410 to challenge the levy on Sheila Craig's wages. Because the Craigs' claim is insubstantial on the merits and the jurisdictional question is quite difficult, we assume the existence of jurisdiction under the doctrine of hypothetical jurisdiction. See Koff v. United States, 3 F.3d 1297, 1298-99 (9th Cir.1993) (Ferguson, J., concurring), cert. denied, 114 S.Ct. 1537 (1994); Clow v. United States Dept. of Housing & Urban Dev., 948 F.2d 614, 616-17 n. 2 (9th Cir.1991) (per curiam).
 
 
 5
 We have interpreted section 2410 as a limited waiver of the United States's sovereign immunity in "actions challenging the procedural aspects of tax liens." Arford v. United States, 934 F.2d 229, 232 (9th Cir.1991). The Craigs allege as defects in the wage levy that they did not receive various notices which the IRS is required to issue, and that the notices were addressed to Sheila James rather than to Sheila Craig.[1]
 
 
 6
 The Craigs concede that they received in the mail several envelopes from the IRS addressed to Sheila James. James is Sheila Craig's maiden name, and IRS records show that Sheila Craig's social security number is the same as that referenced on the levy and notice of deficiency. The magistrate correctly noted that the Craigs have not asserted that the IRS mistook Sheila Craig for someone else or that the levy does not concern taxes allegedly owed on her income. They cannot in good faith contend that they did not know the documents were intended for the individual formerly known as Sheila James and currently known as Sheila Craig. The use of Sheila Craig's maiden name does not vitiate the validity of the notices.
 
 
 7
 The IRS maintains that it mailed the relevant notices to the correct address. Some of these notices are in the record. " 'The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.' " United States v. Ahrens, 530 F.2d 781, 785 (8th Cir.1976) (discussing validity of notice of deficiency) (quoting United States v. Chemical Foundation, Inc., 272 U.S. 1, 14-15 (1926)). " '[A]ll necessary prerequisites to the validity of official action are presumed to have been complied with and * * * where the contrary is asserted it must be affirmatively shown.' " Id. (quoting Lewis v. United States, 279 U.S. 63, 73 (1929)). The Craigs' admission that they returned unopened envelopes they received from the IRS serves to confirm that the IRS complied with statutory notice requirements. In light of this admission, the Craigs cannot affirmatively show that the IRS failed to provide the required notice.
 
 
 8
 The doctrine of unclean hands also precludes the Craigs from contesting the adequacy of notice. A quiet title action is equitable. "[E]quity requires that those seeking its protection shall have acted fairly and without fraud or deceit as to the controversy in issue." Ellenburg v. Brockway, Inc., 763 F.2d 1091, 1097 (9th Cir.1985). The maxim that one who comes to equity must come with clean hands closes the door of a court of equity to those tainted with inequitableness or bad faith regarding the matter in which they seeks relief. Id. This doctrine applies in actions to recover taxes. United States v. Bowcut, 287 F.2d 654, 656 (9th Cir.1961). The Craigs returned mail from the IRS even though they were aware that Sheila Craig was the intended recipient. Having refused to open the envelopes, they cannot now claim that the required notices were not contained therein.
 
 
 9
 The Craigs' allegations of procedural defects in the levy are frivolous. We therefore affirm the district court's order dismissing the action. See Harrell v. United States, 13 F.3d 232, 236 (7th Cir.1993) ("Suits are frequently dismissed as frivolous because of concessions made or facts established after the complaint was filed.").
 
 
 10
 The Craigs also challenge the magistrate's finding that the government's motion to dismiss did not violate Rule 11. The motion was neither frivolous nor filed for an improper purpose. The magistrate did not err in denying the Craigs' request for sanctions.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Craigs also contend that the levy action is defective because the Secretary does not have authority under 26 U.S.C. Sec. 6331(a) to collect taxes by levy against anyone who is not an "officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia." This contention is frivolous. Section 6331(a) explicitly allows the Secretary to levy the property of "any person liable to pay any tax [who] neglects or refuses to pay the same within 10 days after notice and demand."