53 F.3d 340
 75 A.F.T.R.2d 95-1998
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrel Alan TRAVIS, Plaintiff-Appellant,
v.
UNITED STATES of America; Chad Clay; Terrie Martines;
Derek Stigerts, Averell Brown, City of Sacramento,
Defendants-Appellees.
 No. 94-15873.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darrel A. Travis appeals pro se the district court's partial dismissal and partial summary judgment for the United States in Travis's action against the United States, individual Internal Revenue Service ("IRS") Agents, and the City of Sacramento seeking (1) to quiet title to his truck which was seized and sold by the IRS to satisfy Travis's tax liabilities for 1980, 1981, and 1982, and (2) compensatory and punitive damages for the unlawful taking of his truck.[1] The district court ordered the United States substituted as the proper party, dismissed Travis's claims for damages on the ground that the United States had not waived its sovereign immunity and granted summary judgment for the United States on Travis's quiet title claim. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 * Substitution of the United States as Defendant
 
 
 4
 Travis contends that the district court improperly substituted the United States as the defendant. This contention lacks merit.
 
 
 5
 "The Federal Employees Liability Reform and Tort Compensation Act ('FELRTCA') immunizes United States employees from liability for their 'negligent or wrongful act[s] or omission[s] ... while acting within the scope of [their] office or employment.' " Green v. Hall, 8 F.3d 695, 698 (9th Cir.1993) (quoting 28 U.S.C. Sec. 2679(b)(1)), cert. denied, 115 S.Ct. 58 (1994). The Attorney General certifies whether a United States employee was acting within the scope of his or her employment at the time of the event giving rise to the claim. Id. The Attorney General, pursuant to 28 U.S.C. Sec. 510, has delegated this authority to the United States Attorneys. 28 C.F.R. Sec. 15.3; see also Meridian Int'l Logistics Inc. v. United States, 939 F.2d 740, 743 n. 2 (9th Cir.1991). Once certification is given, the FELRTCA requires the substitution of the United States as the defendant. Green, 8 F.3d at 698.
 
 
 6
 Here, the United States filed a Notice of Substitution and Certification of Scope of Employment of Individual Federal Defendants pursuant to 28 U.S.C. Sec. 2679(d)(1). Travis does not challenge the assertion that the IRS Agents were acting within the scope of their employment when they seized his truck. Instead, Travis argues that substitution was improper because the Agents are not employees of the United States because the IRS is a nongovernmental agency. This contention clearly lacks merit.
 
 
 7
 The IRS is a federal agency of the Treasury Department which is part of the executive branch of the United States. Thus, employees of the IRS are employees of the United States. See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985) (a suit against IRS employees in their official capacities is essentially a suit against the United States).
 
 II
 Damages and Injunctive Relief
 
 8
 Travis contends that the district court erred by dismissing his claim for damages against the United States for lack of subject-matter jurisdiction. This contention lacks merit.
 
 
 9
 The United States, as a sovereign, may not be sued without its consent. United States v. Testan, 424 U.S. 392, 399 (1976). A court's jurisdiction to hear a suit against the government is defined by the terms of the government's consent. Id. A suit against the IRS or its officers or employees in their official capacity is essentially a suit against the United States and is barred by sovereign immunity absent statutory consent. Gilbert, 756 F.2d at 1458. Plaintiff has the burden of showing a waiver of sovereign immunity. Baker v. United States, 817 F.2d 560, 562 (9th Cir.1987), cert. denied, 487 U.S. 1204 (1988).
 
 
 10
 Travis's claims against the United States for money damages are barred by the doctrine of sovereign immunity. First, the United States did not waive its sovereign immunity under either Internal Revenue Code section 7432 or 7433 because Travis failed to allege that he exhausted his administrative remedies under either section. See 26 U.S.C. Secs. 7432(d)(1) & 7433(d)(1); Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir.1992). Second, the United States did not waive its sovereign immunity under the Federal Tort Claims Act ("FTCA") because Travis's claims arise out of the assessment and collection of taxes and the FTCA does not waive immunity for such claims. 28 U.S.C. Sec. 2680(c); Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir.1982); Morris v. United States, 521 F.2d 872, 874 (9th Cir.1975).
 
 
 11
 To the extent that Travis's claim could be interpreted as a suit for a refund of wrongfully collected taxes, it must also fail because Travis failed to allege that he exhausted his administrative remedies. 26 U.S.C. Sec. 7422; Thomas v. United States, 755 F.2d 728, 729 (9th Cir.1985).
 
 
 12
 Accordingly, because the United States has not waived its sovereign immunity, the district court properly dismissed Travis's damages claims against the United States.
 
 
 13
 To the extent Travis sought an injunction to prevent the collection of his tax liabilities, the district court also is without jurisdiction to grant such relief. The Anti-Injunction Act provides that, with certain exceptions inapplicable here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. Sec. 7421(a); Hughes v. United States, 953 F.2d 531, 535 (9th Cir.1992). Thus, the district court lacked jurisdiction over Travis's claim for injunctive relief. See id. at 535-37.
 
 III
 Quiet Title
 
 14
 Travis contends that the district court erred by granting summary judgment for the United States on his section 2410 quiet title claim because the IRS (1) failed to provide him with a copy of the assessment pursuant to 26 U.S.C. Sec. 6203, and (2) failed to issue notices of assessment and demands for payment pursuant to 26 U.S.C. Sec. 6303.[2] These contentions lack merit.
 
 
 15
 Section 2410 provides that "the United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. Sec. 2410(a). The taxpayer may challenge only the procedural aspects of tax liens, not the merits on the underlying assessment. Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). A section 2410(a) quiet title action is jurisdictionally barred if the United States claims a title interest, rather that a lien interest in the disputed property.[3] Farr v. United States, 990 F.2d 451, 453 (9th Cir.), cert. denied, 114 S.Ct. 634 (1993).
 
 1. Assessments Pursuant to Section 6203
 Section 6203 provides that:
 
 16
 The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules of regulation prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of assessment.
 
 
 17
 26 U.S.C. Sec. 6203. The regulation promulgated under this section states that "[i]f the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of the assessment, the character of the liability assessed, the tax period, if applicable, and the amount assessed." Treas.Reg. Sec. 301.6203. "Generally, courts have held that IRS Form 4340 provides at least presumptive evidence that a tax has been validly assessed under section 6203." See Huff v. United States, 10 F.3d 1440, 1445 (9th Cir.1993), cert. denied, 114 S.Ct. 2706 (1994).
 
 
 18
 Travis does not allege that he requested a copy of the assessment pursuant to section 6203, nor does he provide any evidence showing that such a request was made. Accordingly, the IRS did not violate section 6203 by failing to provide a copy of Travis's tax assessments.
 
 
 19
 Moreover, even if Travis properly requested a copy of the assessments, the government submitted IRS Form 4340. The Form sets forth: Travis's name and social security number; the amounts of tax, penalties, and interest assessed; the type of tax assessed; the date on which the tax was assessed (the "23C date"); and the dates various notices were issued to Travis. Thus, the IRS submitted presumptive evidence that it properly assessed Travis's taxes for the years in question. See id. at 1446. Furthermore, because the Form sets forth all the information that section 6203 requires, the IRS submitted presumptive evidence that Travis was given all the documentation he was entitled to under section 6203. See Koff v. United States, 3 F.3d 1297, 1298 (9th Cir.1993) (per curiam) (citing James v. United States, 970 F.2d 750, 755 (10th Cir.1992) ("notices [of assessment] also satisfy 26 U.S.C. Sec. 6203, the requirement that the IRS provide a copy of the record of assessment")), cert. denied, 114 S.Ct. 1537 (1994)."
 
 
 20
 2. Notice of Assessment Pursuant to Section 6303
 
 
 21
 Section 6303 requires that a notice of assessment must be sent to the taxpayer within 60 days after making an assessment pursuant to section 6203. 26 U.S.C. Sec. 6303. "Form 4340 is probative evidence in and of itself and, in the absence of contrary evidence, [is] sufficient to establish that notices and assessments were properly made." Hansen v. Commissioner, 7 F.3d 137, 138 (9th Cir.1993).
 
 
 22
 Here, Form 4340 supports the government's contention that timely notices and demands were sent to Travis for tax years 1980 and 1982. Although the government's lien based on Travis's tax liabilities for 1981 may not comply with the notice and demand requirements of section 6303(a),[4] the assessed liability for tax years 1980 and 1982 was sufficient to impose a lien on Travis's truck.[5] See 26 U.S.C. 6402 (the government may off-set improperly collected funds against a taxpayer's liabilities for other tax periods). Accordingly, the district court's summary judgment for the United States on Travis's quiet title claim was proper.
 
 IV
 Sanctions
 
 23
 The government requests sanctions against Travis for bringing this appeal. This court has discretion to impose damages against litigants as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. Sec. 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988) ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009. Travis's contentions on appeal are wholly without merit. Accordingly, we impose $1,500 damages as a sanction.[6]
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Travis does not appeal the district court's summary judgment for the City of Sacramento
 
 
 [2]
 On appeal, Travis claims that it is not the duty of the IRS, but rather the duty of the Bureau of Alcohol, Tobacco, and Firearms, to send assessments. This contention is clearly meritless, and will not be addressed for the first time on appeal. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 3 (9th Cir.1988)
 
 
 [3]
 Although the property at issue was not in the government's possession when the district court granted summary judgment for the United States, Travis's quiet title action was proper because the government had a lien or claim on the property at the time the suit was commenced. See Hughes, 953 F.2d at 538
 
 
 [4]
 The IRS failed to send notice and demand to Travis within 60 days after the assessment
 
 
 [5]
 Travis's assessed liability for tax years 1980 and 1982, $19,771.91, is well in excess of the value of Travis's truck
 
 
 [6]
 We deny the City of Sacramento's request for sanctions because Travis raises no issues on appeal regarding the City of Sacramento