60 F.3d 834
 76 A.F.T.R.2d 95-5587, 95-2 USTC P 50,413
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph STEPARD; Malania Stepard, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-16037.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 Before: O'SCANNLAIN, LEAVY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph and Malania Stepard appeal pro se the district court's summary judgment for the United States in the Stepards's action seeking to quiet title to their property pursuant to 28 U.S.C. Sec. 2410. The Stepards challenge the validity of tax liens placed on their property by the Internal Revenue Service ("IRS") for tax liabilities for 1981, 1982, 1984, and 1985. The Stepards also appeal the district court's denial of their motion for a continuance pursuant to Fed. R. Civ. P. 56(f), and denial of their motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). We review de novo the district court's grant of summary judgment. Huff v. United States, 10 F.3d 1440, 1443 (9th Cir.), cert. denied, 114 S. Ct. 2706 (1994). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Quiet Title
 
 
 4
 The Stepards contend that the district court erred by granting summary judgment for the United States on their quiet title claim because the IRS (1) failed to make determinations of deficiencies; (2) failed to properly assess their taxes pursuant to Internal Revenue Code ("IRC") Sec. 6203; (3) failed to issue notices of assessment and demands for payment pursuant to IRC section 6303; (4) failed to respond to their request for copies of the record of assessment; and (5) failed to properly certify the certificates of assessment.
 
 
 5
 Section 2410 provides that "the United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. Sec. 2410(a). The taxpayer may challenge only the procedural aspects of tax liens, not the merits on the underlying assessment. Elias v. Connett, 908 F.2d 521, 527 (9th Cir. 1990).
 
 
 6
 Here, the Stepards's claim that the IRS failed to make determinations of deficiencies addresses the merits of the assessment and are thus not actionable under section 2410. See id.; Huff, 10 F.3d at 1445. The Stepards's remaining claims present procedural challenges to the validity of the IRS's tax lien and are therefore cognizable under section 2410. See id.
 
 
 7
 1. Assessments and Requests for Copies: Section 6203
 
 
 8
 The Stepards contend that the IRS failed to properly assess their taxes pursuant to section 6203. The Stepards also contend that the IRS failed to respond to their request for copies of the assessments under 26 U.S.C. Sec. 6203. These contentions lack merit.
 
 
 9
 "Generally, courts have held that IRS Form 4340 provides at least presumptive evidence that a tax has been validly assessed under section 6203." See Huff, 10 F.3d at 1445.
 
 
 10
 Here, the government submitted a Form 4340 for both of the Stepards. These forms set forth, for each of the taxable years: their names and social security numbers; the amounts of tax, penalties, and interest assessed; the type of tax assessed; the period for which the tax was assessed; the date on which the tax was assessed (the "23C date"); and the dates various notices were issued.
 
 
 11
 Thus, the IRS submitted presumptive evidence that it properly assessed the Stepards's taxes for the years in question. See id. at 1446. Furthermore, because the Forms set forth all the information that section 6203 requires, the IRS submitted presumptive evidence that the Stepards were given all the documentation they were entitled to under section 6203. See Koff v. United States, 3 F.3d 1297, 1298 (9th Cir. 1993) (per curiam) (citing James v. United States, 970 F.2d 750, 755 (10th Cir. 1992) ("notices [of assessment] also satisfy 26 U.S.C. Sec. 6203, the requirement that the IRS provide a copy of the record of assessment")), cert. denied, 114 S. Ct. 1537 (1994). The Stepards failed to present sufficient evidence to rebut the presumption that the assessments were valid. Accordingly, the district court properly granted summary judgment for the IRS on these issues. See Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992).
 
 
 12
 2. Notice of Assessment Pursuant to Section 6303
 
 
 13
 The Stepards contend that the IRS failed to properly issue the notices of assessment and demand for payment pursuant to section 6303. This contention lacks merit.
 
 
 14
 Section 6303 requires that a notice of assessment must be sent to the taxpayer within 60 days after making an assessment pursuant to section 6203. 26 U.S.C. Sec. 6303. "Form 4340 is probative evidence in and of itself and, in the absence of contrary evidence, [is] sufficient to establish that notices and assessments were properly made." Hansen, 7 F.3d at 138.
 
 
 15
 Here, Form 4340 supports the government's contention that timely notices and demands were sent to the Stepards for the tax years in question. The Stepards contend that they never received the notices of assessment. They failed, however, to present any specific facts showing that the IRS did not send the notices and demands. Thus, the district court properly granted summary judgment for the IRS on this issue. See id.
 
 
 16
 The Stepards also contend that the district court erred by considering the certificates of assessment because (1) the IRS failed to properly certify them, and (2) they were submitted under the Second Declaration of Eric Casper, the government's attorney who lacked personal knowledge regarding the certificates. These contentions lack merit.
 
 
 17
 First, Certificates of Assessment are admissible as self authenticating under Fed. R. Evid. 902(1) when they are accompanied by a Form 2866 certification that is under seal and bears the appropriate signature. Hughes, 953 F.2d at 540. Here, the Director of the Ogden Service Center, who signed the certifications, is a proper person to sign the documents, and the certificates are therefore self authenticating. See id.; Long v. United States, 972 F.2d 1174, 1181 (9th Cir. 1992) (rejecting taxpayer's argument that the District Director of the Ogden Service Center was ineligible to certify the Form 4340).
 
 
 18
 Second, Mr. Casper's declaration merely states that he possessed the original Forms 4340 and the original Forms 2866 certifying them, and that the copies he submitted were correct. An attorney's declaration may be submitted with a motion for summary judgment under these circumstances. See e.g., Lockwood v. Wolf Corp., 629 F.2d 603, 611 (9th Cir. 1980).
 
 II
 Other Claims
 
 19
 The Stepards contend that the district court erred by granting summary judgment without allowing them additional time to conduct further discovery. This contention lacks merit.
 
 
 20
 The Stepards failed to show how allowing additional discovery would preclude summary judgment. See Qualls v. Blue Cross of Cal., 22 F.3d 839, 844 (9th Cir. 1994). Accordingly, the district court did not abuse its discretion by denying the Stepards's motion for a continuance. See id.
 
 
 21
 Finally, the Stepard contend that the district court erred by denying their motion to alter or amend the judgment. This contention also lacks merit.
 
 
 22
 Here, the Stepards failed to meet the requirement for relief under Rule 59(e). See School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Accordingly, the district court did not abuse its discretion by denying the motion. See id.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3