MEMORANDUM *
Defendants Bryce and Charlene Townley appeal the district court’s grant of summary judgment in favor of the government. We affirm.
The district court did not err in holding that the Townleys transferred their real property into the Beaver Valley Trust in violation of the Washington Uniform Fraudulent Transfers Act. The Townleys’ repeated admissions that they transferred property to the Trust in order to avoid potential future creditors provide direct evidence of fraud. Further, by demonstrating that the property transfer was characterized by multiple badges of fraud, the government also showed compelling circumstantial evidence of fraud. Therefore, the government provided the requisite “clear and satisfactory proof’ that the Townleys possessed an “actual intent to hinder, delay or defraud a[ ] creditor" under the UFTA. R.C.W.A § 19.40.041(a)(1); see also Sedwick v. Gwinn, 73 Wash.App. 879, 873 P.2d 528, 531 (1994); Clearwater v. Skyline Construction Co., Inc., 67 Wash.App. 305, 835 P.2d 257, 264-67 (1992).
The Townleys also argue that collateral estoppel or, alternatively, res judicata precludes the government from bringing the foreclosure action altogether. This argument is without merit. Neither the claims nor the issues litigated and decided in the bankruptcy proceedings were identical to those raised before the district court. While the court determined that the residential property was not part of the estate, it did not discuss whether the real property parcels had been fraudulently transferred from the estate or whether the Trust should be considered a distinct legal entity. See Kourtis v. Cameron, 419 F.3d 989, 994 (9th Cir.2005); Mpoyo v. Litton Electro-Optical Systems, 430 F.3d 985, 987 (9th Cir.2005). Further, the record suggests that the IRS was precluded from meaningfully participating in the bankruptcy proceeding such that it was unable to assert its unique interests before the court, even had it desired to do so.
Finally, the Townleys argue that the action is barred because the government failed to obey administrative procedures and exhaust applicable administrative remedies. As noted by the district court, this claim is frivolous. The IRS is permitted to prepare substitute Form 1040 tax returns. See 26 U.S.C. § 6020(b)(1) (“If any person fails to make any return required by any internal revenue law or regulation ... the [IRS] shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.”); see also Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir.1985). Similarly, the IRS did not err in failing to produce a 23C Assessment Certificate. We have repeatedly held that a Form 4340 Certificate of Assessment and Payment, complete with an assessment date, is alone sufficient to establish that a tax assessment was properly made. See Koff v. United States, 3 F.3d 1297, 1298 (9th Cir.1993)(“[When *632 provided with Forms 4340,] which set forth all the information th[e] regulation requires, [taxpayers] have already been given all the document to which they are entitled by section 6203.”).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.