NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-17148 |
| Plaintiff - Appellee, | D.C. No. 5:10-cv-03340-JW |
| v. | |
| MILOTINKA GENOV, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, Chief District Judge, Presiding

Argued & Submitted July 16, 2012
San Francisco, California

Before: TASHIMA, CLIFTON, and MURGUIA, Circuit Judges.

Appellant Milotinka Genov appeals the district court's grant of summary

judgment to the United States in this action by the IRS to reduce to judgment

Genov's tax liabilities for 1995 and 1996. Genov argues that summary judgment

was improperly granted because a genuine issue of material fact exists as to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

whether the IRS assessed her 1995 and 1996 tax liabilities in a timely manner, pursuant to 26 U.S.C. §§ 6501(a), 6503(a). We agree.

While Form 4340 Certificates are sufficient to establish that assessments were properly made in the absence of contrary evidence, *Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992), they are not necessarily conclusive, *Farr v. United States*, 990 F.2d 451, 454 (9th Cir. 1993).

Unlike the litigants in *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993), and *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993), Genov has produced sufficient contrary evidence to rebut the Form 4340 Certificates. First, an IRS agent twice promised but failed to deliver the requested assessments, without any explanation. The United States stresses that we must presume that government employees act correctly and in good faith. We find this argument unavailing because the IRS agent need not have acted in bad faith for his actions to indicate that something is amiss. *Accord Atkins v. Parker*, 472 U.S. 115, 146-47 (1985) (Brennan, J., dissenting) ("[I]t is readily apparent that [the Supreme] Court's application of the Due Process Clause to governmental administrative action has not only encompassed, but indeed has been premised upon, the need for protection of individual property interests against 'inadvertent' errors of the State.") (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)). It is possible that the

2

agent discovered that there was a problem with the assessments and simply forgot to notify Genov's tax attorney.

Moreover, in sending her refund checks on *three* occasions, the IRS treated Genov like a taxpayer who owes no taxes or penalties. The IRS's explanation for the first refund check has not provided clarity, especially because Genov subsequently received two more refund checks. In addition, the Form 4340 Certificates contain at least one apparently incorrect statement as there was no legal suit pending against Genov in November 2009. This error creates doubt about the accuracy of the Form 4340 Certificates and supports the possibility that there is an error in the assessment dates.

**REVERSED and REMANDED.**