
**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARD L. BEST and EVELYN R. BEST, <br><br>    Petitioners-Appellants, <br><br>  v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br>    Respondent-Appellee. | No. 16-71777 <br><br> Tax Ct. No. 26662-10 L <br><br> MEMORANDUM* |
| HOWARD E. MAY; et al., <br><br>    Petitioners-Appellants, <br><br>  v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br>    Respondent-Appellee. | No. 16-72186 <br><br> Tax Ct. No. 14545-12 |

Appeal from a Decision of the
United States Tax Court

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted November 14, 2017[]
San Francisco, California

Before:  THOMAS, Chief Circuit Judge, PAEZ, Circuit Judge, and SAVAGE,[***] District Judge.

In this consolidated appeal, taxpayers Leonard L. Best, Evelyn R. Best, Howard E. May, the Estate of Judith A. May, and personal representative Marcia M. May ("Taxpayers") appeal the Tax Court's decision upholding proposed levies to collect unpaid federal income tax liabilities and upholding penalties pursuant to 26 U.S.C. § 6673(a)(1).  We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1), and we affirm.  Because the parties are familiar with the history of this case, we need not recount it here.

I

The Tax Court did not err in sustaining levies to collect Taxpayers' delinquent taxes.  Taxpayers requested collection due process hearings when IRS notified them that the levies would be imposed.  *See* 26 U.S.C. § 6330(b).  During the hearings, the IRS Appeals Office appropriately verified "that the requirements of any applicable law or administrative procedure ha[d] been met."

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Timothy J. Savage, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

§ 6330(c)(2)(A). Because they already had been afforded an opportunity to contest liability, Taxpayers were not entitled to do so following notification of the levies. § 6330(c)(2)(B). Further, Taxpayers agreed to their underlying liability in both cases. Taxpayers' arguments against sustaining the levies are unsupported by law or fact.

## II

The IRS Appeals Office did not err in producing only Taxpayers' account transcripts during their collection due process hearings. Under 26 C.F.R. § 301.6203-1, a taxpayer is entitled to "the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed." This regulation is "a permissible interpretation of [26 U.S.C.§] 6203, and we are therefore bound to give it deference." *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993). When Taxpayers received their account transcripts, they received "the pertinent parts of the assessment." 26 C.F.R. § 301.6203-1.

Additionally, the taxpayers' subsequent receipt of the Forms 4340 prior to trial in the Tax Court fulfilled the Commissioner's section 6203 obligation to furnish taxpayers with copies of the IRS records of assessment. Form 4340 is sufficient to show that the assessments were proper. *Koff*, 3 F.3d at 1297.

3

Nor was the Appeals Office required to provide Taxpayers with a specific, signed delegation order for the Forms 4340. There is no requirement under IRS laws or regulations that the taxpayer receive a copy of the delegation of authority order from the Secretary to the person who signed the verification required under section 6330(c)(1).

### III

The Tax Court did not abuse its discretion in imposing penalties under 26 U.S.C. § 6673(a)(1)(B). Taxpayers maintained "frivolous or groundless" positions when they argued that they were entitled to receive particular documents. 26 U.S.C. § 6673(a)(1)(B). Consistent with *Koff*, 3 F.3d 1297, IRS has reasonably classified these positions as frivolous. *See* Rev. Rul. 2007-21, 2007-1 C.B. 865; IRS Notice 2010-33, 2010-17 I.R.C. 609. Because § 6673(a)(1)(B) is indifferent to a taxpayer's state of mind, Taxpayers cannot escape penalty by advancing a defense of good faith reliance on counsel.

**AFFIRMED.**